UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GUIDEONE ELITE INSURANCE
COMPANY,

        **Plaintiff,**

vs.                                                                   Case No. 8:05-CV-2007-T-27TGW

MICHAEL WAYNE LEWIS, *et al.*,

        **Defendant.**
_____/

## ORDER

**BEFORE THE COURT** is (1) Plaintiff's Motion for Final Default Judgment against Amsouth Bank (Dkt. 7), (2) Amsouth's Motion to Set Aside Default and Dismiss Complaint (Dkt. 14; 16) including Amsouth's memorandum of law in support thereof (Dkt. 15), and (3) Plaintiff's Memorandum of Law in Opposition to Amsouth's Motion to Set Aside Default and Dismiss Complaint (Dkt. 19). Upon consideration, it is

**ORDERED AND ADJUDGED** that:

1. Amsouth's Motion to Set Aside Default (Dkt. 14) is **GRANTED**. "Rule 55(c), Fed. R. Civ. P., provides that the court may set aside an entry of default for good cause shown . . ." *Equal Employment Opportunity Commission v. Mike Smith Pontiac GMC, Inc.*, 896 F.3d 524, 527 (11th Cir. 1990). The "good cause" standard is not strictly defined and varies depending on the factual situation. *Compania Interamericana Export-Import, S.A. v. Compania Dominicana De Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). While the standard is flexible, courts have considered

basic guidelines such as "whether the default was culpable or willful, whether to set it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Id.*

Amsouth's conduct was not culpable or wilful. Moreover, Amsouth moved to set aside the default within a reasonable time after becoming aware of Plaintiff's complaint. "Judgments by default are not generally favored [and] as a general proposition, any doubt should be resolved in favor of permitting a hearing on the merits." *Woodbury v. Sears, Roebuck & Co.*, 152 F.R.D. 229, 236 (M.D. Fla. 1993). Accordingly, the clerk is directed to set aside the entry of default.

2. Defendant's Motion to Dismiss Complaint (Dkt. 14; 16) is **DENIED**. Amsouth's argument that there is no "controversy" between Plaintiff and Amsouth is unpersuasive. *See Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273-274 (1941) (in a declaratory action brought by an insurer "actual controversy" existed between the insurer and the third party seeking a judgment against the insured); *Independent Fire Ins. Co. v. Paulekas*, 633 So.2d 1111, 1113 (Fla. 3d DCA 1994) ("[a] declaratory action obtained by an insurer against its insured is not binding on a third-party claimant who was not a party to the declaratory judgment action") (citations omitted). Accordingly, dismissal is not appropriate.

3. Plaintiff's Motion for Final Default Judgment (Dkt. 7) is **DENIED**.

**DONE AND ORDERED** in chambers this 4th day of April, 2006.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record